# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SSAB ALABAMA, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:17-cv-175 |
| | * | |
| KEM-BONDS, INC., and | * | |
| THYSSENKRUPP MATERIALS | * | |
| NA, INC., | * | |
| | * | JURY TRIAL DEMANDED |
| Defendants. | * | |
| | * | |

## AMENDED COMPLAINT

COMES NOW Plaintiff SSAB ALABAMA, INC. ("SSAB"), as and for its Amended Complaint against the Defendants, KEM-BONDS, INC. ("Kem-Bonds") and THYSSENKRUPP MATERIALS NA, INC. ("TK"), and states as follows

## NATURE OF THE ACTION

1.   This is an action for breach of contract and breach of warranty, manufacturer's liability, and money damages. SSAB owns and operates a recycling steel mill in Axis, Alabama. As part of the steel-making process, recycled scrap metal is melted in an electric arc furnace at very high temperatures. The resultant

molten metal is tapped out through a nozzle in the bottom of the furnace. A coarse sand-like material is required to fill this nozzle in order to hold the molten metal at bay until it reaches its full temperature without metal penetration into the material column. As part of the tapping process the sand releases cleanly and quickly to facilitate complete flow control of the liquid steel.

2. Defendant Kem-Bonds sold SSAB a product known as EZ-POR. Kem-Bonds had purchased the product from TK or its subsidiary or d/b/a ThyssenKrupp Metallurgical Products USA who was either the manufacturer or distributor of the product. This product, known as tap-hole sand, was utilized in the steel-making process as previously described.

3. During routine operations in June, 2016, SSAB experienced several "burn-through" incidents as a result of the tap-hole sand provided by Defendants being defective. That is to say that when this defective tap-hole sand was used by SSAB as a fill material to plug the tap hole during the melting process, the defective tap-hole sand provided by Defendants catastrophically failed. As a result of this failure, SSAB suffered significant property loss damages as will be described hereafter. Additionally, SSAB suffered other damages including significant production delays and disruption resulting in lost profits.

## PARTIES, JURISDICTION AND VENUE

4. SSAB is an Alabama corporation with its principal place of business located in Mobile County, Alabama.

5. Upon information and belief, Kem-Bonds is a Missouri corporation with its principal place of business located in Olivette, Missouri.

6. Upon information and belief, TK is a Michigan corporation with its principal place of business located on Southfield, Michigan.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between SSAB, Kem-Bonds and TK and because the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. By agreement of SSAB and Kem-Bonds, this Court has personal jurisdiction over the parties and venue lies in this district.

## COUNT ONE: BREACH OF CONTRACT

8. All prior paragraphs of this complaint are incorporated herein by reference.

9. In the Spring of 2016, SSAB and Kem-Bonds entered into a series of contracts for the purchase of EZ POR-430, commonly known as tap-hole sand. Two of these contracts involved purchase orders numbered MB153592 and MB151229.

10. SSAB was also a third-party beneficiary of the contract whereby Kem-Bonds acquired the tap-hole sand from TK.

11. Kem-Bonds and TK breached these contracts by:

   a. Failing to provide the industry standard tap-hole sand with a loss of ignition (LOI) value of less than 2%. Upon independent testing of both of these deliveries, it was determined that the LOI value was well in excess of this industry standard and as a result Kem-Bonds and TK breached their contracts.

   b. Failing to do chemical testing and analysis of this product prior to its ultimate delivery to SSAB.

   c. Failing to notify SSAB that Kem-Bonds and/or TK had secured a different supplier of this tap-hole sand.

12. During routine operations in June of 2016, SSAB experienced several burn-through incidents due to the defective tap-hole sand failing to perform in its intended manner.

13. As a result of these burn-through incidents, SSAB retained the services of Luvak Laboratories, Inc. to perform a chemical analysis on the products provided pursuant to the above-mentioned purchase orders.

14.     This chemical analysis showed that the LOI on the defective sand was well in excess of 2%. Additionally, this chemical analysis showed that there were excessive voids in the tap-hole sand.

15.     As a result of this defective product and due to the high LOI, the tap-hole sand allowed 240 tons of 3,000 degree liquid steel to find a path through the defective sand and burn through the tap-hole gate prior to the ladle reaching the tap position causing significant damage.

## COUNT TWO: BREACH OF WARRANTY

16.     All prior paragraphs of this complaint are incorporated herein by reference.

17.     Kem-Bonds has breached its express and implied warranties to SSAB including, but not limited to, the express warranty section found in paragraph ten of the terms and conditions attached to the previously described purchase orders, as well as the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

18.     TK has breached its implied warranties to SSAB including, but not limited to, the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

19.     SSAB notified Kem-Bonds of the breach of warranty and failure of this product to perform according to its intended purposes immediately after the burn-

through incidents occurred and on several occasions thereafter, all prior to the initiation of any litigation over such breach. As the distributor and/or manufacturer TK had indirect notice through Kem-Bonds.

20. SSAB relied on the skill, judgment and representations of Kem-Bonds, and indirectly on the skill, judgment and representations that TK made to Kem-Bonds, that the tap-hole sand Kem-Bonds acquired from TK and sold to SSAB would perform within industry standards. Kem-Bonds knew the purpose for which the tap-hole sand was required by SSAB and TK knew the purposes for which such product is ordinarily used.

21. The defective tap-hole sand sold to SSAB was not of fair average quality within its description, was not fit for the ordinary purposes for which such goods are used, was not consistent in quality and did not conform to the promises or affirmations made on the container or label.

## COUNT THREE: AEMLD

22. All prior paragraphs of this complaint are incorporated herein by reference.

23. Defendants are engaged in the business of selling and/or manufacturing the above described tap-hole sand product.

24. Defendants sold said product and placed it in the stream of commerce where SSAB ultimately purchased same in the Spring of 2016 from Kem-Bonds.

25. Said product reached SSAB, the ultimate user or consumer of said product, without any substantial change in its condition from the time it was sold by Defendants.

26. Said product when it reached SSAB was in a defective condition and/or in a condition that was unreasonably dangerous to SSAB as the ultimate user or consumer as those terms are defined by the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) as enunciated by the Alabama Supreme Court.

27. In using said product as it was intended to be used and as described above, SSAB suffered significant property damage and lost profits as a proximate result of the product's defective and/or unreasonably dangerous condition.

## **DEMAND**

28. As a result of the breach of contract, breaches of warranty and violation of the AEMLD, SSAB suffered property damages in the amount of $532,850.36. Additionally, SSAB suffered damages including significant production delays and disruptions leading to lost profits.

WHEREFORE, the premises considered, SSAB demands judgment against Defendants for an award of damages and lost profits in excess of $532,850.36.

SSAB additionally prays for such other, further and different relief to which it may be entitled including attorney fees and costs.

JURY TRIAL DEMANDED.

        Respectfully submitted,

        /s Donald G. Beebe
        DONALD G. BEEBE (BEEBD1845)
        Attorney for Plaintiff
        The Atchison Firm, P.C.
        3030 Knollwood Drive
        Mobile, Alabama 36693
        Telephone (251) 665-7200
        Fax (251) 665-7250
        E-mail: don.beebe@atchisonlaw.com

        /s Christopher A. Arledge
        CHRISTOPHER A. ARLEDGE (ARLEC1115)
        Attorney for Plaintiff
        The Atchison Firm, P.C.
        3030 Knollwood Drive
        Mobile, Alabama 36693
        Telephone (251) 665-7200
        Fax (251) 665-7250
        E-mail: chris.arledge@atchisonlaw.com

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

**KEM-BONDS, INC.**
C/O DOUGLAS S. TEASDALE, ITS ATTORNEY
VIA CM/ECF SYSTEM

**THYSSENKRUPP MATERIALS NA, INC.**
C/O CSC LAWYERS INCORPORATING SVC, INC.
ITS REGISTERED AGENT
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104